IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE BREWER, | : | |
|     Plaintiff | : | |
| | : | No. 1:22-cv-01973 |
| v. | : | |
| | : | (Judge Kane) |
| JUDGE SHOLLEY, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

On December 13, 2022, pro se Plaintiff Dwayne Brewer ("Brewer"), who has been incarcerated in the Snyder County Prison ("SCP") at all relevant times, initiated the above-captioned action by filing a complaint alleging civil rights violations by several employees of the prison and officials of the Snyder County Court of Common Pleas. (Doc. No. 1.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court now performs its mandatory screening of Brewer's complaint. For the reasons set forth below, the Court will grant Brewer's motion for leave to proceed in forma pauperis, dismiss his complaint without prejudice, and grant him leave to file an amended complaint.

I.     BACKGROUND

Brewer's complaint alleges that "racial motivation" has caused Defendants—Judge Sholley ("Sholley") and Judge Reed ("Reed") of the Snyder County Court of Common Pleas, Snyder County District Attorney Michael Piecuch ("Piecuch"), SCP Warden Scott Robinson ("Robinson"), SCP Associate Warden Framptom ("Frampton"), SCP Deputy Warden Rissel ("Rissel"), and SCP Watch Commander Briggs ("Briggs")—to charge Brewer with crimes that

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

the Commonwealth of Pennsylvania does not have jurisdiction over and to subject him to "corruption" between the Court of Common Pleas and SCP.  (Doc. No. 1 at 1.)

The complaint alleges misconduct by the court in general terms, stating that police in Snyder County "lock[] you up," the district attorney "trumps up the charges," and Judge Reed then sets bail and presides over a preliminary hearing.  (Id.)  "From then on," the complaint explains, "your case will be scheduled outside of the time limits prescribed by law."  (Id. at 2.)

The complaint alleges that Brewer has "suffered abuse" in his time in the Snyder County criminal justice system, including the Court of Common Pleas refusing to answer his questions about subject matter jurisdiction; the court "set[ting]" hearings "beyond the law," and "refus[ing] to abide by the law"; and SCP staff not allowing him to practice his religion as a Sunni Muslim, forcing him to "abid[e] by [a] rule that has not been approved by [legislation] and adopted by the Bureau of Prisons," forcing him to wake up for standing head counts, keeping people with COVID-19 in his "presence," forcing him to wear used underwear, forcing him to shower "with mold," subjecting him to "mold on [the] ventilation system," and forcing him to "drop a slip for emergency medical treatment" despite the fact that Brewer has a "legit reaction that stops [his] breathing."  (Id. at 2-3.)

II.     LEGAL STANDARDS

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id.

§ 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations,

viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

Having reviewed the complaint under the screening provisions of 28 U.S.C. § 1915, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.  To begin, Judges Sholley and Reed have absolute judicial immunity from this suit because the claims against them are based on their judicial acts.  See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)).  Similarly, District Attorney Piecuch is entitled to absolute prosecutorial immunity because the only alleged action by him is initiating criminal charges against Brewer.  See Weimer v. Cnty. of Fayette, Pa., 972 F.3d 177, 189 (3d Cir. 2020) (citing Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992)).

Turning to the remaining claims, a defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of respondeat superior.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the

5

actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence.  See id.

Here, Brewer alleges "abuse" by SCP officials, but he does not allege how any of the defendants were personally involved in the alleged civil rights violations.  Accordingly, dismissal for lack of personal involvement is appropriate.  Moreover, Brewer's allegations of abuse are stated in conclusory fashion with no supporting facts in contravention of Federal Rule of Civil Procedure 8.  For example, Brewer alleges that he has not been allowed to practice his religion, but does not state how; he alleges that he has been forced to abide by a "rule" that has not been approved by the Pennsylvania legislature, but he does not state what that rule is or why it is unconstitutional for prison officials to compel him to abide by it; and he alleges various adverse conditions of confinement such as mold and COVID-19 exposure but does not allege any factual details about these conditions that could give Defendants notice of the nature of the claims, such as the dates when the adverse conditions occurred, the number of times that Brewer was exposed to the adverse conditions, any harm that he suffered as a result of the adverse conditions, etc.  Accordingly, dismissal of the claims against the SCP Defendants is also warranted because the complaint does not comply with the pleading requirements of Rule 8.

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id.  The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, the Court will deny leave to amend as to Brewer's claims against Defendants Sholley, Reed, and Piecuch because those Defendants are entitled to absolute immunity.  The Court cannot conclude, however, that further amendment would be futile or unjust with respect to Brewer's claims against the other Defendants.  Accordingly, Brewer will be granted leave to amend with respect to his claims against all defendants other than Sholley, Reed, and Piecuch. Brewer is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth Brewer's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to the defendant and sufficiently allege personal involvement of the defendant in the acts that Brewer claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.  If Brewer fails to file an amended complaint, this case will be dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Brewer's claims against Defendants Sholley, Reed, and Piecuch with prejudice, dismiss his claims against the other Defendants without prejudice, and grant Brewer leave to file an amended complaint.  An appropriate Order follows.