IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE BREWER, | : | |
|     Plaintiff | : | |
| | : | No. 1:22-cv-01973 |
| v. | : | |
| | : | (Judge Kane) |
| JUDGE SHOLLEY, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

On December 13, 2022, pro se Plaintiff Dwayne Brewer ("Brewer"), who has been incarcerated in the Snyder County Prison ("SCP") at all relevant times, initiated the above-captioned action by filing a complaint alleging civil rights violations by several employees of the prison and officials of the Snyder County Court of Common Pleas. (Doc. No. 1.) On January 26, 2023, the Court dismissed Brewer's claims against Defendants Sholley, Reed, and Piecuch with prejudice on the basis of judicial immunity and prosecutorial immunity and dismissed the claims against the SCP Defendants without prejudice. (Doc. No. 7.) Brewer timely filed an amended complaint against the SCP Defendants on February 24, 2023. (Doc. No. 8.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court now performs its mandatory screening of Brewer's amended complaint. For the reasons set forth below, the Court will dismiss the amended complaint and grant Brewer leave to file a second amended complaint.

I.     BACKGROUND

Brewer's amended complaint alleges generally that Defendants—SCP Warden Scott Robinson ("Robinson"), SCP Associate Warden Framptom ("Frampton"), SCP Deputy Warden

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

Rissel ("Rissel"), and SCP Watch Commander Briggs ("Briggs")—have violated his civil rights by (1) not allowing him to practice his religion as a Sunni Muslim; (2) exposing him to COVID-19 by leaving at least five people who had tested positive for the virus in his presence; (3) subjecting him to mold in the prison's shower facilities; (4) waking him up every morning to participate in a standing count of prisoners; and (5) not having an adequate grievance system in place. (Id. at 4-5.) The amended complaint also alleges that "Summit Food Company" refuses to serve adequate meals to Muslims, compels him to take "supplement pills," and serves him a diet that he "never approved." (Id. at 5.)

## II.     LEGAL STANDARDS

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of

truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

Having reviewed the amended complaint under the screening provisions of 28 U.S.C. § 1915, the Court will dismiss it for failure to state a claim upon which relief may be granted. To begin, several of Brewer's claims fail as a matter of law because the alleged actions do not amount to constitutional violations. First, Brewer's allegation that several inmates with COVID-19 were allowed to remain in his presence is not sufficient to allege a constitutional violation. See, e.g., Horan v. Gross, No. 1:22-cv-01166, 2023 WL 1805843, at *8 (M.D. Pa. Feb. 7, 2023) (finding allegation that plaintiff's cellmate tested positive for COVID-19 while they were sharing a cell insufficient to allege constitutional violation). Second, Brewer's allegation that he is woken up every morning for a head count of prisoners does not rise to the level of a constitutional violation. Basic facts of prison life like wake-up calls and head counts do not violate the Constitution. See Gray v. Creamer, 465 F.2nd 179, 183 (3d Cir. 1972) (noting that "[s]ome deprivations are a necessary and expected result of being an inmate of a penal institution, which institution must provide for the custody, maintenance, discipline and, optimistically, rehabilitation of those who have violated the laws of the sovereign"). Third, Brewer's allegation that the prison does not have an adequate grievance system does not show a constitutional violation. Prisoners do not have a constitutional right to a grievance system. See, e.g., Heleva v. Kramer, 214 F. App'x 244, 247 (3d Cir. 2007). Fourth, Brewer's allegation that he has not approved the diet he has been given does not amount to a constitutional violation. Prisoners do not have a constitutional right to the diet of their choosing. See Williams v.

Aramark Inc., No. 10-cv-03469, 2011 WL 1988429, at *2 (D.N.J. May 20, 2011) (citing Johnson v. Horn, 150 F.3d 276, 283 (3d Cir. 1998)).[2]

The amended complaint also fails to state a claim upon which relief may be granted to the extent it alleges facts against "Summit Food Company." Summit Food Company has not been named as a Defendant, and the amended complaint does not allege any policy or custom by Summit Food Company that caused the alleged violations of Brewer's civil rights. See Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (noting that civil rights claim against corporation providing contractual services to a prison "must allege a policy or custom that resulted in the alleged constitutional violations at issue" (citing Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003))).

Finally, Brewer's claims that he was not allowed to practice his religion and that he was subjected to mold in the showers suffer from the same pleading defect that made the claims insufficient in the original complaint: failure to allege personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. See id. The amended complaint makes general statements about Brewer not being allowed to practice his religion and being subjected to mold in the shower, but he does not

---

[2] The Court does not construe the amended complaint to allege that Brewer was denied religious meals or a religious diet. Such allegations, if properly pleaded, could state a claim for violation of the First Amendment. See, e.g., DeHart v. Horn, 227 F.3d 47, 52 (3d Cir. 2000). To the extent Brewer intends to raise a claim for denial of religious meals, he may assert such a claim in a second amended complaint.

allege that any of the defendants were personally involved in these alleged civil rights violations or that they had knowledge of the violations and acquiesced in them. Accordingly, dismissal for lack of personal involvement is appropriate. Moreover, Brewer does not allege any supporting facts as to how he was not allowed to practice his religion; he simply states that he was denied "rights to practice [his] religion." (Doc. No. 8 at 4.) This conclusory allegation is not sufficient to state a claim upon which relief may be granted.

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, the Court will deny further leave to amend as to Brewer's claims that he was exposed to COVID-19, that he is regularly woken up to participate in head counts, that the prison does not have an adequate grievance system, and that he has not approved his diet because these claims fail as a matter of law. The Court cannot conclude, however, that further amendment would be futile or unjust with respect to Brewer's remaining claims. The Court will accordingly

permit Brewer one final opportunity to amend his complaint. Brewer is advised that the second amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the first two complaints or any other document already filed. The second amended complaint should set forth Brewer's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to the defendant and sufficiently allege personal involvement of the defendant in the acts that Brewer claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim. If Brewer fails to file a second amended complaint or the second amended complaint again fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, this case will be dismissed without further leave to amend. See, e.g., Foman, 371 U.S. at 182 (noting that further leave to amend may be denied for repeated failure to cure deficiencies previously identified by the court).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Brewer's claims that he was exposed to COVID-19, that he is regularly woken up to participate in head counts, that the prison does not have an adequate grievance system, and that he has not approved his diet, dismiss the remainder of the amended complaint without prejudice, and grant Brewer leave to file a second amended complaint. An appropriate Order follows.