IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE BREWER, | : | |
|     Plaintiff | : | |
| | : | No. 1:22-cv-01973 |
| v. | : | |
| | : | (Judge Kane) |
| JUDGE SHOLLEY, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

On December 13, 2022, pro se Plaintiff Dwayne Brewer ("Brewer"), who has been incarcerated in the Snyder County Prison ("SCP") at all relevant times, initiated the above-captioned action by filing a complaint alleging civil rights violations by several employees of the prison and officials of the Snyder County Court of Common Pleas.  (Doc. No. 1.)  Following the dismissal of Plaintiff's complaint and amended complaint for failure to state claim upon which relief could be granted, see (Doc. Nos. 6-7, 9-10), the case is presently proceeding on Plaintiff's second amended complaint.  (Doc. No. 11.)  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court now performs its mandatory screening of Brewer's second amended complaint.  For the reasons set forth below, the Court will dismiss the second amended complaint without further leave to amend and close this case.

I.   **BACKGROUND**

Brewer's second amended complaint alleges generally that Defendants SCP Warden Scott Robinson ("Robinson"), SCP Associate Warden Framptom ("Frampton"), SCP Deputy Warden Rissel ("Rissel"), and SCP Watch Commander Briggs ("Briggs") have violated his civil rights by not allowing him to practice his religion as a Sunni Muslim and by exposing him to

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

mold in the prison's shower facilities. (Doc. No. 11 at 5-6.) The second amended complaint does not allege any specific actions by Defendants that discriminated against Brewer's religious practice, but it alleges that unnamed correctional officers prevented him from wearing a kufi. (Id. at 4.)

The second amended complaint further alleges that Defendant Mary Doe ("Doe"), who is employed in the prison by Summit Food Company as a food services employee, has violated Brewer's civil rights by serving him nighttime meals during Ramadan[2] that are different from the dinners that are served to non-Muslim inmates. (Id. at 6-8.) Specifically, the complaint alleges that at the end of each day during Ramadan, Doe served Brewer a peanut butter and jelly sandwich, homemade bread, cold cereal, and fruit and that at the end of Ramadan she served him four slices of cheese, eight mini carrots, two pieces of homemade bread, one sandwich, potato chips, two cookies, and fruit. (Id. at 6-7.)

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42

---

[2] Ramadan is a month of fasting observed in the Islamic faith that requires Muslims to fast from sunrise to sunset. *Ramadan*, WIKIPEDIA, https://en.wikipedia.org/ wiki/Ramadan (last visited Apr. 25, 2023).

2

U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions

as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85

(2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

Having reviewed the second amended complaint under the screening provisions of 28 U.S.C. § 1915, the Court will dismiss it for failure to state a claim upon which relief may be granted.  To begin, Brewer's Eighth Amendment claim arising from alleged mold in the prison's showers does not state a claim upon which relief may be granted because Plaintiff fails to allege that he has suffered any injury as a result of the mold.  The presence of mold in a shower, absent any alleged injury, does not violate the Eighth Amendment.  See, e.g., Sherman v. Litz, No. 1:19-cv-01624, 2020 WL 5372102, at *4 (M.D. Pa. July 28, 2020), report and recommendation adopted, No. 1:19-cv-01624, 2020 WL 5371313, at *1 (M.D. Pa. Sept. 8, 2020).

Brewer's allegation that Doe served him a nighttime meal that differed from the dinners served to non-Muslim inmates during Ramadan is not sufficient to state a violation of the First Amendment.  There is no allegation that Doe or any other officials failed to accommodate Brewer's request to observe Ramadan fasting or that they prevented him from doing so in any way; the only allegation is that Brewer was served different food from that which was served to non-Muslim inmates for dinner earlier in the evening.  Serving Muslim inmates different food than other inmates when they break their daily fast during Ramadan does not amount to a constitutional violation.  See Small v. Wetzel, 528 F. App'x 202, 205, 209-10 (3d Cir. 2013) (unpublished) (finding that prison officials did not violate Muslim inmate's constitutional rights

5

by giving him a "Sahur bag to be consumed at night" during Ramadan instead of the dinners that were provided to non-Muslim inmates).  It is clear from the second amended complaint that Defendants accommodated Brewer's request to observe daily fasting during Ramadan.  The Constitution does not require Defendants to provide Brewer with the religious accommodation of his choice.  Cf. Williams v. Morton, 343 F.3d 212, 219 (3d Cir. 2003) (finding that prison officials did not violate Muslim inmate's constitutional rights by failing to provide Halal meals because prison provided reasonable alternative accommodations to allow Muslim inmates to practice their religion).[3]

Finally, Brewer's First Amendment freedom of religion claim against the other Defendants fails to state a claim because Brewer fails to allege the Defendants' personal involvement in the alleged civil rights violation.  A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of respondeat superior.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence.  See id.

---

[3] The second amended complaint additionally alleges that Doe verbally harassed Brewer by using racial slurs against him and states "Mary Doe is trying to kill me!  Allergic reactions." (Doc. No. 6, 9.)  To the extent the second amended complaint attempts to assert claims based on these allegations, the Court will dismiss them for failure to state a claim upon which relief may be granted.  Harassing language by itself does not violate the Eighth Amendment, see, e.g., Sears v. McCoy, 815 F. App'x 668, 670 (3d Cir. 2020) (unpublished); Rieco v. Moran, 633 F. App'x 76, 79 (3d Cir. 2015) (unpublished), and Brewer does not allege any facts to support his claim related to a purported allergic reaction, such as what food Doe served that allegedly caused the allergic reaction, what symptoms Brewer experienced as a result of the allergic reaction, or whether Doe was aware of Brewer's allergies.

Here, the only specific allegation Brewer advances of discrimination on the basis of religion is that unnamed prison officials stopped him from wearing a kufi and that he told Defendants Robinson, Framptom, Rissel, and Briggs about this through letters but never received a response. (Doc. No. 11 at 4-5.) Allegations that supervisory prison officials failed to respond to a prisoner's letter detailing an alleged constitutional violation are not sufficient to show that the officials personally directed or acquiesced in the alleged violation. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Accordingly, dismissal for lack of personal involvement is appropriate.

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, the Court will deny further leave to amend as futile. Brewer has had three opportunities to state a claim upon which relief may be granted and has failed to do so at every turn. See, e.g., Foman, 371 U.S. at 182 (noting that further leave to amend may be denied for

7

repeated failure to cure deficiencies previously identified by the Court). The Court also specifically warned Brewer in its opinion dismissing his first amended complaint that this case would be "dismissed without further leave to amend" if the second amended complaint "fail[ed] to satisfy the pleading requirements of Federal Rule of Civil Procedure 8." (Doc. No. 9 at 8.) Accordingly, Brewer's second amended complaint will be dismissed without further leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Brewer's second amended complaint without further leave to amend and close this case. An appropriate Order follows.